IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HEATH A. MUSTARD,

    Petitioner,

v.

JAMES ERWIN, Warden,

    Respondent.

CASE NO. 2:05-cv-594; 2:05-cv-647
JUDGE SARGUS
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On January 18, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant consolidated action for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner's January 23, 2006, unopposed motion to supplement the record with the documents attached, Doc. No. 15, is **GRANTED**. For the reasons that follow, petitioner's objections are **OVERRULED**. Petitioner's request for a certificate of appealability also is **DENIED**.

Petitioner objects to all of the Magistrate Judge's recommendations. Petitioner again argues at length that he was denied his right to a speedy trial. Additionally, petitioner again asserts as cause for his procedural default in failing to present his claims to the Ohio Supreme Court, the ineffective assistance of counsel; however, as noted by the Magistrate Judge, the ineffective assistance cannot constitute cause for petitioner's failure to raise claims before the Ohio Supreme Court, where he had no right to counsel. *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003), citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Petitioner has also requested the Court to issue a certificate of appealabilty. Where the Court dismisses a claim on procedural grounds, a certificate of appealability

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 120 S.Ct. 1595 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court concludes that petitioner has failed to establish that reasonable jurists could debate whether the Court was correct in its procedural rulings. *Id.*

Petitioner's request for a certificate of appealability therefore is **DENIED**.

Petitioner's January 23, 2006, unopposed motion to supplement the record with the documents attached, Doc. No. 15, is **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

                                        3-27-2006
                              EDMUND A. SARGUS, JR.
                              United States District Judge